STIEGELMEIER, EXR. OF THE ESTATE OF HENRY STIEGELMEIER, DECEASED, PLAINTIFF-APPELLANT, *v.* WEST SIDE DEUTSCHER FRAUEN VEREIN, D. B. A. THE ALTENHEIM, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25661. Decided December 14, 1961.

*Mr. William A. Vidmar,* for plaintiff-appellant.
*Mr. Louis H. Wieber,* for defendant-appellee.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth District sitting by designation in the Eighth District.)

*Per Curiam.* This is an appeal from a declaratory judgment in favor of the appellee rendered in the Probate Court of Cuyahoga County.

Appellee is a charitable corporation, not for profit, organized and doing business under the laws of Ohio, and as such operates a home for the aged known as The Altenheim.

Appellant's decedent, Henry F. Stiegelmeier, applied for admission in The Altenheim on or about the 13th day of March, 1956. He, accompanied by his niece, later the executrix of his estate, held several meetings with officers and representatives of The Altenheim concerning his admission, during which conditions of admission were explained to him. On April 23, 1956, he was accepted as a resident of The Altenheim and in accordance with its rules and regulations, and upon agreement of the parties, turned over to it all of his assets amounting to about $6,000.00. The Altenheim on its part agreed to provide a home during his lifetime, together with food, clothing, living quarters and medical and nursing care whenever it was needed, and upon his death to provide decedent with a proper burial at its expense. Appellant's decedent resided in The Altenheim until July 25, 1957, when he became mentally ill, as adjudicated by the Probate Court of Cuyahoga County, which court committed him to the Cleveland State Hospital, where he died on November 13, 1957.

The trial court found that all his hospitalization costs at the Cleveland State Hospital and funeral expenses were paid by appellee, and that he was provided with a proper burial by appellee. It further found that the adjudication and commitment in Cleveland State Hospital did not constitute a breach of contract by appellee, that appellee performed all things required by it to be done, and by reason thereof the assets transferred to the appellee by appellant's decedent and any unexpended balance thereof are the property of the appellee and not a part of any estate of Henry F. Stiegelmeier, Deceased.

Three questions are raised by the appellant:

1. Was there a definite and certain contract entered into?

2. Was there a breach of the contract by the appellee, if the contract was definite and certain?

3. Was the contract unconscionable and contrary to public policy?

As to the first assignment of error, appellant does not set forth in her brief any basis of indefiniteness or uncer-

tainty that she relies on. The trial court found a specific agreement. On our review, we do likewise. There was an agreement by appellant's decedent to turn over his assets in consideration of appellee's probationary taking the decedent into its home during his lifetime and taking care of him. This care included providing accommodations for him, taking care of him during his lifetime and carrying out funeral arrangements. Appellant's decedent transferred his assets and the trial court specifically found that the defendant performed all things required by it to be done necessary to its undertaking to care for the decedent. All the essential elements of contract are present and there is no apparent indefiniteness or uncertainty.

Assignment number two cites a breach of contract by the appellee. This is based on the fact that the decedent was committed to the Cleveland State Hospital by the Probate Court and thus left The Altenhiem. It is admitted that the appellee paid decedent's expenses during the commitment, and the trial court found that an act of adjudication and commitment by the Probate Court is not a breach of contract on the part of the appellee. A careful review of the record and the bill of exceptions discloses no prejudicial error.

The third assignment of error is that the contract was unconscionable and against public policy. Contracts between a charitable home and its residents providing for the assignment of inmates' present or future property have been attacked because of the possibility that the home in some cases, such as early demise of the resident, reaps an unforeseen profit, but are usually upheld. 10 A. L. R. (2d), 864, 869, and cases cited thereunder. As stated in *Fidelity Union Trust Co.* v. *Reeves* (1924), 96 N. J. Eq., 490, 125 A., 582, affd. 98 N. J. Eq., 412, 129 A., 922:

"The public welfare is better served by upholding contracts of this kind whereby institutions, which care for the aged and tend to relieve the public of their charge, are facilitated in their work for the poor, than to put the ban of the law on them because, perchance, some one of the unfortunates might quite accidentally be favored by the death of a rich relative or friend, and to them the sureness of a home in their declining years far outweighs the advent of any such remote possibility."

We fail to understand why the enactment of Social Security legislation as argued by appellee, while admittedly helpful, should vitiate these contracts. Not all people in this country are covered by Social Security. In addition, inflated costs of care tend to wipe out the monetary benefits of Social Security and other incidental benefits of proper care and personal welfare inure to the resident in properly-administered homes.

The above asignments of error are overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

RADCLIFF, P. J., COLLIER and BROWN, JJ., concur.